

1 | FREUND & BRACKEY LLP
2 | Thomas A. Brackey II, Esq. (SBN 162279)
  | tbrackey@freundandbrackey.com
3 | Craig A. Huber, Esq. (SBN 159763)
  | cahuber@freundandbrackey.com
4 | Stephen P. Crump, Esq. (SBN 251712)
  | scrump@freundandbrackey.com
5 | 427 North Camden Drive
  | Beverly Hills, CA  90210
6 | Tel: 310-247-2165
  | Fax: 310-247-2190

*(handwritten in left margin: Given Trademark Form)*

7 | Attorneys for Plaintiff,
8 |     OMAHA STEAKS INTERNATIONAL, INC.

9 | **UNITED STATES DISTRICT COURT**
   | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10 | CV09-02854  RGK (FFMx)

OMAHA STEAKS INTERNATIONAL, INC., a Nebraska Corporation,

    Plaintiff,

vs.

ANSHU PATHAK, an individual d/b/a STEAK OF THE MONTH CLUB, 1-800-NUTS.COM, CHOCOLATE OF THE MONTH CLUB, THE KOBE BEEF, ORGANIC FRUIT OF THE MONTH CLUB; and DOES 1 through 10 inclusive,

    Defendants.

Case No.

**CIVIL COMPLAINT FOR:**

1.  **Trademark Infringement 15 U.S.C. § 1114(1);**

2.  **"Passing Off" Under the Lanham Act- 15 U.S.C. § 1125(a);**

3.  **Trademark Dilution- 15 U.S.C. § 1125(c);**

4.  **Cybersquatting- 15 U.S.C. § 1125(d);**

5.  **Unfair Competition- Cal. Bus. & Prof. §§ 17200, 17500 et seq;**

6.  **Unjust Enrichment;**

7.  **Demand for Accounting;**

8.  **Constructive Trust;**

9.  **Permanent Injunction**

**[DEMAND FOR JURY TRIAL]**

Plaintiff, OMAHA STEAKS INTERNATIONAL, INC., by and through its attorneys Freund & Brackey LLP, hereby complains and alleges as follows:

1

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA  90210

**INTRODUCTION**

1.    This Complaint is brought to redress the willful violation of OMAHA STEAKS INTERNATIONAL, INC.'s (referred to alternatively as "Plaintiff" and "OMAHA STEAKS" hereinafter) trademark rights in the phrase "STEAK OF THE MONTH" by a direct competitor, ANSHU PATHAK d/b/a STEAK OF THE MONTH CLUB, 1-800-NUTS.COM, CHOCOLATE OF THE MONTH CLUB, ORGANIC FRUIT OF THE MONTH CLUB, THE KOBE BEEF (referred to alternatively as "Defendant" and "PATHAK" hereinafter).  With full knowledge of Plaintiff's rights in the trademark, "STEAK OF THE MONTH" (the "Steak of the Month Mark"), Defendant uses the term "Steak of the Month" in six registered domain names, to link Internet consumers in search of OMAHA STEAKS products and services,  to Defendant's websites.  On each of Defendant's websites, the search term "Steak of the Month" directs consumers to Defendant's own products and services.  Defendant's actions are intended and calculated to exploit the goodwill that OMAHA STEAKS has built into its trademark, "STEAK OF THE MONTH" for over twenty years of extensive use and promotion.

**THE PARTIES**

2.    Plaintiff OMAHA STEAKS is a Nebraska corporation and is a well-known purveyor of quality meats and is the legal and beneficial owner of the trademark "STEAK OF THE MONTH" under United States Trademark Registration Number 3059274 and Serial Number 76475658.

3.    Plaintiff is informed and believes, and based thereon alleges, that Defendant PATHAK is an individual residing in Moreno Valley, California, and doing business as "STEAK OF THE MONTH CLUB" on the web sites *meatofthemonthclub.com* and *steakofthemonthclub.com*, d/b/a "1-800-NUTS.COM" on the web site *gourmetnutsofthemonthclub.com*, d/b/a "CHOCOLATE OF THE MONTH CLUB" on the web site *1-800-chocolateclub.com*, d/b/a "ORGANIC

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills CA  90210

FRUIT OF THE MONTH CLUB" on the web site *1-800-organicfruitofthemonthclub.com*, d/b/a "THE KOBE BEEF" on the web site *1-800-kobebeef.com*, all six websites selling food related products and offering food-order services.

4.   Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate, partnership and/or other entity, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this Complaint when their true names and capacities are ascertained.

5.   Plaintiff is informed and believes, and based thereon alleges, that PATHAK and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants, whom obtained financial benefit from the Defendants' acts and omissions, and each was acting within the course and scope of said agency and employment.

6.   Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, PATHAK and DOES 1 through 10, inclusive, did aid, abet, participate in, contribute to, or benefit from the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.

7.   Plaintiff further alleges that PATHAK and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cure such acts and the behavior described herein, which duty PATHAK and DOES 1 through 10, inclusive, failed and/or refused to perform.

## JURISDICTION AND VENUE

8.   This is a civil action pertaining to intellectual property rights arising under the trademark laws of the United States.  This court has federal question jurisdiction

3

Fraund & Brackley LLP
427 North Camden Drive
Beverly Hills, CA  90210

over this action pursuant to 15 U.S.C. Section 1121(a), 28 U.S.C. Section 1331, and 28 U.S.C. Section 1338(a) and (b), as well as pendent jurisdiction over any state law claims asserted herein pursuant to 28 U.S.C. Section 1367(a).

9. Venue is proper in this district under 28 U.S.C. Section 1391(b) and 28 U.S.C. Section 1400(a).

## FACTUAL BACKGROUND

10. Plaintiff OMAHA STEAKS and its authorized licensees and affiliates are in the business of manufacturing, marketing and distributing a wide variety of premium steaks, red meats and other gourmet foods. It has been a family-owned business since its founding in 1917 and is headquartered in Omaha, Nebraska. Plaintiff provides products and services to affiliated companies that service both nationwide and overseas markets including food-service, mail-order, telephone sales, retail stores, and licensed restaurant sales to specialty and food stores, and in 1990, interactive sales through its website, www.omahasteaks.com. The brand, Omaha Steaks, has been promoted and advertised for thirty-five years and is highly recognized for its service and quality. It has garnered substantial goodwill and name-recognition during this period.

11. Plaintiff first adopted and used the mark, "STEAK OF THE MONTH" (the "Steak of the Month Mark") to identify the new concept of a membership which would provide subscribers with a shipment of selected high quality meats, each month. The Steak of the Month Mark has gained a secondary meaning and has come—through its continuous use by Plaintiff—to be associated with Plaintiff and its products.

12. Following a period of consistent use of the Steak of the Month Mark in commerce, Plaintiff registered the Steak of the Month Mark in the principal register of the United States Patent and Trademark Office in 2002, under United States Trademark Registration Number 3059274 and Serial Number 76475658, to prevent

4

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA. 90210

competitors such as Defendant from using the Steak of the Month Mark and unduly benefiting from the renown acquired by Plaintiff. Plaintiff has used the Steak of the Month Mark continuously since then and takes great care to ensure it is neither infringed nor diluted by unauthorized uses.

13. On February 27, 2003, Plaintiff had already filed an action in Central District Court of California against Defendant and others for trademark infringement, alleging that Defendant used company names and domain names that were likely to be confused with OMAHA STEAKS through a website styled www.omahabeef.com. On September 20, 2004, the District Court granted Default Judgment for Plaintiff and ordered that Defendant and others pay $50,000 per infringing domain name, plus fees and costs to Plaintiff. The judgment was affirmed on appeal.

14. Plaintiff is informed and believes, and based thereon alleges that Defendant is now doing business as STEAK OF THE MONTH CLUB, 1-800-NUTS.COM, CHOCOLATE OF THE MONTH CLUB, ORGANIC FRUIT OF THE MONTH CLUB, THE KOBE BEEF, and operates several websites which are currently offering beef, seafood, poultry, and other food products for sale. The websites offering Pathak's "Steak of the Month Club" are *steakofthemonthclub.com*, *meatofthemonthclub.com*, *gourmetnutsofhtemonthclub.com*, *1-800-chocolateclub.com*, *1-800-organicfruitofhtemonthclub.com*, *1-800-kobebeef.com* (the "Pathak Websites"). The business model of Pathak websites, the goods sold, services provided and market base are identical to that of Plaintiff, and Defendant is a direct competitor of Plaintiff's throughout the United States and abroad.

15. Plaintiff is informed and believes, and based thereon alleges that Defendant has registered and now utilizes several domain names to link consumers to the Steak of the Month Club that he is offering, providing membership to subscribers for monthly shipments of meats.

5

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

16. Plaintiff is informed and believes, and based thereon alleges that Defendant has not applied for any federal trademark protection for the Domain Names *SteakoftheMonthClub.com* or *MeatoftheMonthClub.com* (the "Domain Names"), nor has he requested Plaintiff's permission to register, traffic in, and/or use the Domain Names or the Steak of the Month Mark.

17. The unauthorized Domain Names *www.steakofthemonthclub.com* and *www.meatofthemonthclub.com* are identical with or highly similar to Plaintiff's registered trademark "STEAK OF THE MONTH."

18. Moreover, Defendant utilizes the Steak of the Month Mark to sell membership to subscribers, on all six of Pathak's Websites.

19. Defendant uses the Domain Names and Steak of the Month Mark in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of his steak products.

20. Plaintiff is informed and believes, and based thereon alleges that Defendant willfully utilizes the Domain Names and the Steak of the Month Mark to cause confusion, mistake and/or deception among consumers as to the source, quality, and nature of Defendant's goods, and the source, sponsorship, affiliation and endorsement of Pathak Websites, for his own commercial gain.

21. Plaintiff contends that a likelihood of confusion exists between its goods and services and Defendant's goods and services insofar as consumers are apt to assume that a product or service offered by Defendant is associated with Plaintiff due to similarities between the Steak of the Month Mark and the Steak of the Month Domain Names used by Defendant.

22. Plaintiff further contends Defendant's activities have and will continue to dilute its famous and distinctive trademark.

23. On November 13, 2008, counsel for Plaintiff sent a cease and desist letter to Defendant advising him that his activities constituted a violation of Plaintiff's

6

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA  90210

exclusive rights in the Steak of the Month Mark and of the mounting damages from said infringement.

24. At this time, Defendant continues to engage in the aforementioned infringing activity.

## FIRST CAUSE OF ACTION

### [Trademark Infringement in violation of 15 U.S.C. § 1114(1)]

### (Against All Defendants)

25. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 24, inclusive.

26. Defendants intentionally and knowingly infringed the Steak of the Month Mark without the consent or authorization of Plaintiff by using in commerce a reproduction, counterfeit, copy, and/or colorable imitation of the Steak of the Month Mark in connection with the sale, offering for sale, distribution and advertising of goods and services which is likely to cause confusion, or to cause mistake, or to deceive consumers.

27. As a direct result of Defendants' willful acts of trademark infringement as described herein, Plaintiff has suffered substantial damage, in an amount to be proven at trial.

28. Since Defendants' acts have also caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

///

///

///

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

## SECOND CAUSE OF ACTION

["Passing Off" in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a)]

(Against All Defendants)

29. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 28, inclusive.

30. By using the Steak of the Month Domain Names, which for all intents and purposes are identical in terms of sight, sound, and meaning to the Steak of the Month Mark, and the Steak of the Month Mark itself, to sell goods and services in marketing channels identical to Plaintiff's, Defendant is passing off his services to the public as if they were the more widely known, higher quality OMAHA STEAKS'.

31. As a result, members of the public will reasonably be deceived and/or confused into believing that by inputting either of Pathak's Domain Names and/or subscribing to "Steak of the Month Club" on Pathak Websites, they are actually viewing, ordering, and/or purchasing services from Plaintiff.

32. Plaintiff is seriously injured by such deception, in that it negatively impacts its ability to distribute, market and otherwise exploit its products and subjects them to consumer confusion insofar as Defendants' products and services are of inferior quality.

33. As a direct result of Defendants' actions, Plaintiff has suffered substantial damage, in an amount to be proven at trial.

34. Since Defendants' acts have also caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

# THIRD CAUSE OF ACTION

## [Trademark Dilution in violation of the Lanham Act § 43(c), 15 U.S.C. § 1125(c)]

### (Against All Defendants)

35. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 34, inclusive.

36. Plaintiff is the registered owner of the Steak of the Month Mark, which is both famous and distinctive. The Defendants herein are making use of the Steak of the Month Mark in commerce.

37. Defendants' use of the Steak of the Month Mark began after Plaintiff's mark became famous.

38. Defendants' use presents a likelihood of dilution of the distinctive value of the Steak of the Month Mark and business reputation associated with said mark.

39. Plaintiff did not and does not authorize any of the Defendants nor any of Defendants' agents, to use their mark in any manner whatsoever.

40. As a direct result of Defendants' willful acts of trademark dilution as described herein, Plaintiff has suffered substantial damage, in an amount to be proven at trial.

41. Since Defendants' acts of trademark dilution have also caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

///

///

///

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

9

## FOURTH CAUSE OF ACTION

### [Cybersquatting in violation of the Lanham Act § 43(d), 15 U.S.C. § 1125(d)]

### (Against All Defendants)

42. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 41, inclusive.

43. Plaintiff is the registered owner of the Steak of the Month Mark.

44. Defendant PATHAK is the registrant of the Domain Names *SteakoftheMonthclub.com* and *meatofthemonthclub.com*.

45. Defendants traffic in and use the Steak of the Month Domain Names, which are identical, confusingly similar to and/or dilutive of the Steak of the Month Mark, with the bad faith intent to profit from the Steak of the Month Mark in commerce.

46. As a direct result of Defendants' actions, Plaintiff has suffered substantial damage, in an amount to be proven at trial.

47. Since Defendants' acts have also caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

## FIFTH CAUSE OF ACTION

### [Unfair Competition in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500 et seq.]

### (Against All Defendants)

48. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 47, inclusive.

49. As described above, Defendants' acts of distributing, marketing and otherwise exploiting Plaintiff's trademark in interstate commerce, Defendants have created consumer confusion by causing the public to believe that the products

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

10

viewed, ordered and/or purchased from the Pathak's Websites by inputting either of the Steak of the Month Domain Names are associated with, endorsed by or are in fact the more widely known, higher quality Omaha Steaks products and services. This constitutes violations of both state and federal statutes. Accordingly, Defendants have violated California Business and Professions Code Sections 17200 and 17500, et seq., which prohibit acts of unfair competition and unfair business practices.

50. Defendants' acts and conduct in violation of California Business and Professions Code Sections 17200 and 17500, et seq., have caused and will continue to cause Plaintiff great and irreparable injury.

51. As a direct result of Defendants' willful acts of trademark infringement as described herein, Plaintiff has suffered substantial damage, in an amount to be proven at trial.

52. Since Defendants' acts have also caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

### SIXTH CAUSE OF ACTION

### [Unjust Enrichment]

### (Against All Defendants)

53. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 52, inclusive.

54. By reason of the foregoing facts, Defendants, and each of them, have become unjustly enriched at the expense of Plaintiff by profiting from the use of Plaintiff's trademark and by realizing monetary gain from their unauthorized use of said mark.

Freund & Buckey LLP
427 North Camden Drive
Beverly Hills, CA 90210

11

55. Defendants, and each of them, have been unjustly enriched in an amount that cannot be precisely ascertained at this time, but will be ascertained according to proof at trial.

## SEVENTH CAUSE OF ACTION

### [Demand for Accounting]

### (Against All Defendants)

56. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 55, inclusive.

57. As seen above, Plaintiff has an interest in all of the money that is generated from the exploitation of the Steak of the Month Mark.

58. Plaintiff is informed and believes that Defendants have generated an undetermined, yet substantial amount of money, due to the commercial exploitation of the Steak of the Month Mark.

59. The amount of money due from Defendants is unknown to Plaintiff and cannot be ascertained without an accounting of all of the Defendants' financial records related to the sales generated through their infringing activities.

60. As a result of Defendants' actions, or lack thereof, Plaintiff has been damaged in an amount to be proven after an accounting has been conducted. Accordingly, Plaintiff hereby requests that the Court order an accounting of all of Defendants' financial records related to the infringing activities in order to determine the sums rightfully due to Plaintiff. Furthermore, Plaintiff demands that those sums be paid to it.

## EIGHTH CAUSE OF ACTION

### [Constructive Trust]

### (Against All Defendants)

61. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 60, inclusive.

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

12

62. Plaintiff is informed and believes Defendants have generated an undetermined, yet substantial amount of money due to the infringing activities.

63. As seen above, Plaintiff is entitled to all of the money that is generated from the infringing activities. Plaintiff has not given its consent for Defendants to utilize its trademark. Such monies should be placed in a constructive trust until such time as this matter is resolved.

## NINTH CAUSE OF ACTION

### [Permanent Injunction]

### (Against All Defendants)

64. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 63, inclusive.

65. Plaintiff contends that a likelihood of confusion exists between the Steak of the Month Mark and the Steak of the Month Domain Names insofar as consumers are apt to assume that a product or service offered by Defendants is associated with Plaintiff due to similarities between the Steak of the Month Mark and the Steak of the Month Domain Names used by Defendants, and the identity of goods and services and marketing channels used by Plaintiff and Defendant.

66. Plaintiff further contends Defendants' activities have and will continue to infringe and/or dilute its famous and distinctive trademark.

67. Cease and desist letters have been sent to Defendant PATHAK advising him of the infringement and mounting damages from said infringement.

68. At this time Defendants continue to engage in the aforementioned infringing activity.

69. These actions on behalf of Defendants are wrongful and should be enjoined in that they have caused, and continue to cause, Plaintiff great and irreparable injury.

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

70. Plaintiff has no other plain, speedy or adequate remedy at law, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff's interests.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff OMAHA STEAKS prays for judgment against Defendants, and each of them, as follows:

### **ON THE FIRST CAUSE OF ACTION**

1. That the Court adjudge and decree that the Defendants have willfully infringed Plaintiff's exclusive rights under trademark law;

2. That the Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of infringing the Steak of the Month Mark;

3. That the Defendants, and those acting in concert with them, be permanently enjoined from selling any products carrying any designation resembling the Steak of the Month Mark;

4. That the Defendants, and those acting in concert with them, be ordered to transfer the Domain Names *steakofthemonthclub.com* and *meatofthemonthclub.com* to Plaintiff;

5. That Plaintiff be awarded, at Plaintiff's election, statutory damages and/or actual damages in an amount to be proven at trial;

6. That Defendants disgorge all profits derived from their wrongful conduct;

7. Interest at the maximum legal rate;

8. All reasonable attorney's fees and costs incurred herein;

9. For treble damages according to proof at trial;

10. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

///

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

14

## ON THE SECOND CAUSE OF ACTION

1.  That the Court adjudge and decree that the Defendants have willfully engaged in passing off their products as Plaintiff's and infringed Plaintiff's exclusive rights under trademark law;

2.  That the Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of passing off their goods and services as Plaintiff's;

3.  That the Defendants, and those acting in concert with them, be permanently enjoined from selling any products carrying any designation resembling the Steak of the Month Mark;

4.  That the Defendants, and those acting in concert with them, be ordered to transfer the Domain Names *steakofthemonthclub.com* and *meatofthemonthclub.com* to Plaintiff;

5.  That Plaintiff be awarded, at Plaintiff's election, statutory damages and/or actual damages in an amount to be proven at trial;

6.  That Defendants disgorge all profits derived from their wrongful conduct;

7.  Interest at the maximum legal rate;

8.  All reasonable attorney's fees and costs incurred herein;

9.  For treble damages according to proof at trial;

10. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE THIRD CAUSE OF ACTION

1.  That the Court adjudge and decree that the Defendants have willfully diluted Plaintiff's distinctive and famous trademark;

2.  That the Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of diluting the Steak of the Month Mark;

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

15

3.  That the Defendants, and those acting in concert with them, be permanently enjoined from selling any goods or services carrying any designation resembling the Steak of the Month Mark;

4.  That the Defendants, and those acting in concert with them, be ordered to transfer the Domain Names *steakofthemonthclub.com* and *meatofthemonthclub.com* to Plaintiff;

5.  That Plaintiff be awarded, at Plaintiff's election, statutory damages and/or actual damages in an amount to be proven at trial;

6.  That Defendants disgorge all profits derived from their wrongful conduct;

7.  Interest at the maximum legal rate;

8.  All reasonable attorney's fees and costs incurred herein;

9.  For treble damages according to proof at trial;

10. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE FOURTH CAUSE OF ACTION

1.  That the Court adjudge and decree that the Defendants have willfully registered, trafficked in, and used domain names which are identical with, confusingly similar to and/or dilutive of the Steak of the Month Mark, with the bad-faith intent to profit therefrom;

2.  That the Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of registering, trafficking in, or using domain names which are identical with, confusingly similar to and/or dilutive of the Steak of the Month Mark;

3.  That the Defendants, and those acting in concert with them, be ordered to transfer the Domain Names *steakofthemonthclub.com* and *meatofthemonthclub.com* to Plaintiff;

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA  90210

16

4. That Plaintiff be awarded, at Plaintiff's election, statutory damages and/or actual damages in an amount to be proven at trial;

5. That Defendants disgorge all profits derived from their wrongful conduct;

6. Interest at the maximum legal rate;

7. All reasonable attorney's fees and costs incurred herein;

8. For treble damages according to proof at trial;

9. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE FIFTH CAUSE OF ACTION

1. That the Court issue a permanent injunction prohibiting Defendants from engaging in the unfair business practices and unfair competition described herein;

2. That the Defendants, and those acting in concert with them, be permanently enjoined from selling any goods or services carrying any designation resembling the Steak of the Month Mark;

3. That the Defendants, and those acting in concert with them, be ordered to transfer the Domain Names *steakofthemonthclub.com* and *meatofthemonthclub.com* to Plaintiff;

4. That Plaintiff be awarded, at Plaintiff's election, statutory damages and/or actual damages in an amount to be proven at trial;

5. That Defendants disgorge all profits derived from their wrongful conduct;

6. Interest at the maximum legal rate;

7. All reasonable attorney's fees and costs incurred herein;

8. For exemplary or punitive damages in an amount appropriate to punish or make an example of Defendants, according to proof at trial;

9. That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills, CA 90210

17

## ON THE SIXTH CAUSE OF ACTION

1.  That Plaintiff be awarded any and all monies gained by Defendants through Defendants' unauthorized exploitation of the Steak of the Month Mark;

2.  That the Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of infringement of the Steak of the Month Mark;

3.  That the Defendants, and those acting in concert with them, be permanently enjoined from selling any goods or services carrying any designation resembling the Steak of the Month Mark;

4.  That the Defendants, and those acting in concert with them, be ordered to transfer the Domain Names *steakofthemonthclub.com* and *meatofthemonthclub.com* to Plaintiff;

5.  That Defendants, and those acting in concert with them, be ordered to account for and recall any and all other infringing material from all marketing tactics, descriptions, search terms, meta-tags, and domain names used to deceive the public, so as to permanently remove them from the stream of commerce;

6.  Interest at the maximum legal rate;

7.  All reasonable attorney's fees and costs incurred herein;

8.  For exemplary or punitive damages in an amount appropriate to punish or make an example of Defendants, according to proof at trial;

9.  That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE SEVENTH CAUSE OF ACTION

1.  That the Court order an independent accountant to conduct an accounting of all Defendants' financial records relating to the sales obtained through use of the Steak of the Month Domain Names, in order to determine the sums of money owed to Plaintiff;

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills  CA  90210

2.  Upon a determination of sums due to Plaintiff, demand is made that those sums be paid to Plaintiff;

3.  Interest at the maximum legal rate from the date said sums were due;

4.  All reasonable attorney's fees and costs incurred herein; and

5.  Any other relief deemed by the Court to be just and reasonable.

### ON THE EIGHTH CAUSE OF ACTION

1.  That the Court imposes an actual or constructive trust upon Defendants in favor of Plaintiff with respect to all income received by their infringing activities;

2.  An award of restitution in an amount greater than or equal to Defendants' unjust enrichment, the value of which is to be determined by proof at trial;

3.  Interest at the maximum legal rate;

4.  All reasonable attorney's fees and costs incurred herein; and

5.  That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

### ON THE NINTH CAUSE OF ACTION

1.  That the Court issues a permanent injunction enjoining Defendants from engaging in the infringing activities described herein;

2.  All reasonable attorney's fees and costs incurred herein;

3.  That the Court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

Date: April 21 2009                    FREUND & BRACKEY, LLP


By:_____
Thomas A. Brackey II,
Craig A. Huber,
Attorneys for Plaintiff,
OMAHA STEAKS
INTERNATIONAL, INC.

19

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: April ___, 2009                                FREUND & BRACKEY, LLP


By: _____
Thomas A. Brackey II,
Craig A. Huber,
Attorneys for Plaintiff,
OMAHA STEAKS
INTERNATIONAL, INC.

20

COMPLAINT

Freund & Brackey LLP
427 North Camden Drive
Beverly Hills CA 90210

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV09- 2854 RGK (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Freund & Brackey, LLP
Thomas A. Brackey (SBN 162279)
Craig A. Huber (SBN 159763)
427 North Camden Drive
Beverly Hills, CA 90210
Tel: (310) 247-2165  Fax: (310) 247-2190

# ORIGINAL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

OMAHA STEAKS INTERNATIONAL, INC., a
Nebraska Corporation,

                                    PLAINTIFF(S)

            v.

(See Attachment A)

                                    DEFENDANT(S).

CASE NUMBER

**CV09-02854** RGK (FFMx)

**SUMMONS**

---

TO:    DEFENDANT(S):  (See Attachment A)

       A lawsuit has been filed against you.

       Within _20_ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Thomas A. Brackey _____ , whose address is  427 North Camden Drive Beverly Hills, CA 90210 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                              Clerk, U.S. District Court

Dated: 4/23/09 _____

                              By: _____
                                    Deputy Clerk

                              *(Seal of the Court)*

---

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**Attachment A**


ANSHU PATHAK, an individual d/b/a STEAK OF THE MONTH CLUB,
1-800-NUTS.COM, CHOCOLATE OF THE MONTH CLUB, THE KOBE
BEEF, ORGANIC FRUIT OF THE MONTH CLUB; and DOES 1 through
10 inclusive,


DEFENDANT(S)

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>OMAHA STEAKS INTERNATIONAL, INC., a Nebraska Corporation,<br><br>Nebraska | DEFENDANTS<br>ANSHU PATHAK, an individual d.b/a STEAK OF THE MONTH CLUB, 1-800-NUTS.COM, CHOCOLATE OF THE MONTH CLUB, THE KOBE BEEF, ORGANIC FRUIT OF THE MONTH CLUB; and DOES 1 through 10 inclusive,<br><br>Riverside County |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Thomas A. Brackey<br>Freund & Brackey, LLP<br>427 N. Camden Dr., Beverly Hills, CA 90210  Tel: (310) 247-2165 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☑ MONEY DEMANDED IN COMPLAINT: $ To be Determined at Trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1114(1) TM Infringement,15 U.S.C. § 1125(a) Passing Off,15 U.S.C. § 1125(c) TM Dilution,15 U.S.C. § 1125(d) Cybersquatting,§§ 17200,17500 Unfair Com

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**  Case Number:

# CV09-02854

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Omaha Steaks International, Inc. - Nebraska | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All named Defendants - Riverside County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Claims arose in Los Angeles County through Plaintiff and all Defendant's activities in County. | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note</u>: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date 4/23/09

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |